## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRENT A. ROBINSON,              )
                                )
        Plaintiff,          )
                                )
        v.                  )     1:06CV00749
                                )
STATE OF NORTH CAROLINA and     )
DANNY T. FERGUSON,              )
                                )
        Defendants.         )


### ORDER AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Brent Robinson, has submitted a pro se complaint under 42 U.S.C. § 1983 and requested that he be permitted to proceed in forma pauperis pursuant to 28 U.S.C. § l915(a). Plaintiff names the State of North Carolina and his former defense attorney, Danny Ferguson, as defendants.

Plaintiff seeks to proceed as a pauper. Therefore, the Court must examine the complaint to see whether it fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is frivolous or malicious. 28 U.S.C. § 1915A. For frivolous or malicious review, the Court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A plaintiff fails to state a claim when it appears certain that plaintiff cannot prove any set of facts which would entitle him or her to relief. The Court must accept all well-pled allegations and review the complaint in a light most favorable to plaintiff. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993), cert. denied, 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994). Facts must be alleged with specificity. White v. White, 886 F.2d 721 (4th Cir. 1989). The Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v.

Baskerville, 712 F.2d 70 (4th Cir. 1983); Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 954 (4th Cir. 1995)(en banc), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996)(court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts). The Court may dismiss a complaint under 28 U.S.C. § 1915A even though plaintiff has not exhausted state administrative remedies.

Plaintiff's naming of the "State of North Carolina" is not a proper designation of a defendant. Neither the State nor it agencies are "persons" subject to suit under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989). Plaintiff's suit should be dismissed accordingly. Further, absent waiver by the state, Moreno v. University of Maryland, 645 F.2d 217 (4th Cir. 1981), judment affirmed by, Toll v. Moreno, 458 U.S. 1, 102 S. Ct. 2977, 73 L.Ed.2d 563(1982), the Eleventh Amendment bars suits directly against the state or its agencies, regardless of the nature of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984). Plaintiff does not attempt to show waiver on the part of the State and dismissal on this basis is proper.

Plaintiff also names Danny Ferguson as a defendant. Attachments submitted along with the complaint show that Ferguson is plaintiff's former defense attorney. However, defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983. This is true whether the attorney is privately retained, Deas v. Potts, 547 F.2d 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155 (4th Cir. 1980), cert. denied, 454 U.S. 1141, 102 S.Ct. 999, 71 L.Ed.2d 293 (1982), or employed as a public defender, Polk County v. Dodson, 454 U.S. 312, 324, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) (no state action where public defender performs traditional functions as a lawyer). For this reason, plaintiff cannot pursue this claim via § 1983 and, if he has a remedy against his former attorney, he must find it under the appropriate state law.

Plaintiff is therefore not entitled to further proceed as a pauper. Plaintiff's request to proceed in forma pauperis should not be countenanced, with the exception that in forma pauperis status shall be granted for the sole purpose of entering this order and recommendation.

Plaintiff has submitted a complaint for filing, however, and, notwithstanding the above determination, Section 1915(b)(1) requires that an initial payment of $.17 be made. Plaintiff must also agree that funds be withheld until the full filing fee is paid. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS THEREFORE ORDERED** that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER ORDERED** that within twenty (20) days from the date of this Order plaintiff make an initial filing fee payment of $.17 and return the Consent to Collection form. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous or malicious or for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against a defendant who is immune from such relief.

/s/ Russell A. Eliason
United States Magistrate Judge

September 8, 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

BRENT A. ROBINSON,            )
                              )
             Plaintiff,     )
                              )
             v.             )    1:06CV00749
                              )
STATE OF NORTH CAROLINA and   )
DANNY T. FERGUSON,            )
                              )
             Defendants.    )

### CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, prison number _____, hereby consent:

1. for the appropriate prison officials to collect or set aside from my account on a continuing basis each month, starting the month after this action was filed, an amount equal to 20% of each month's income or deposits for the payment of filing fees and costs of this action;
2. that collection shall continue even after my case is dismissed or otherwise decided until the full filing fee and any assessed costs are paid;
3. that I may not withdraw or use any part of these 20% monthly set asides except to pay the court;
4. that the court will order the Trust Officer (or similarly designated official ) to forward payments to the Clerk's Office, U.S. District Court, Post Office Box 2708, Greensboro, North Carolina 27402, until such time as the $350.00 filing fee and any assessed costs are paid in full; and
5. that I understand that <u>any violation</u> or noncompliance by me with the terms of this Consent shall result in the dismissal of the above entitled action with prejudice.

Date: _____    Plaintiff's signature: _____